UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH,<br>Secretary of Labor, United States<br>Department of Labor,<br><br>      Plaintiff,<br><br>v.<br><br>ARSENAL HEALTH, LLC, D/B/A<br>IRON REHEALTH,<br><br>      Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA**

Petitioner Martin J. Walsh, Secretary of Labor, United States Department of Labor, through his undersigned counsel, hereby asserts:

1. This Petition is brought to compel Respondent, Arsenal Health, LLC, doing business as Iron ReHealth ("Respondent" or "Iron ReHealth"), to comply with an administrative subpoena duces tecum ("the Subpoena") issued and directed to it by the Regional Director of the Atlanta Region of the Employee Benefits Security Administration ("EBSA"), United States Department of Labor. The Subpoena was issued in an investigation being conducted pursuant to section 504 of the Employee Retirement Income Security Act of 1974 ("ERISA") in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order promulgated thereunder. 29 U.S.C. § 1134.

2. This Court has subject matter jurisdiction over this petition pursuant to section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49, as made applicable by section 504(c) of ERISA, 29 U.S.C. § 1134(c), and pursuant to ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1).

3. Iron ReHealth is located at 5151 Hampstead High Street, Suite 200, Montgomery, Alabama. Accordingly, venue is proper in the Middle District of Alabama, pursuant to ERISA section 502(e), 29 U.S.C. § 1132(e)(2).

4. In 2021, EBSA opened an investigation concerning a health benefit plan offered by the Alabama Dental Association ("the ALDA Benefit Plan Investigation"). Declaration of Eileen Cordoba ("Cordoba Decl.") ¶ 2.[1] The investigation sought to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order promulgated thereunder. *Id*.

5. The Alabama Dental Association, an association of dentists, is the plan sponsor for the Alabama Dental Association Benefit Plan ("the ALDA Benefit Plan"). *Id*. ¶ 3. The ALDA Benefit Plan is an ERISA-covered multi-employer welfare arrangement offering health benefit plans to employers (and their employees) that are members of the Alabama Dental Association. *Id*.

6. During the course of the ALDA Benefit Plan Investigation, EBSA discovered that Iron ReHealth provided plan administration, billing services, underwriting, and other related services to the ALDA Benefit Plan at times relevant to the ALDA Benefit Plan Investigation and is in possession of documents related to that benefit plan. "Cordoba Decl." ¶¶ 4-7, Exs. 1-3.

7. As part of the ALDA Benefit Plan Investigation, on September 17, 2021, Isabel Culver, Regional Director for the Atlanta Regional Office of EBSA, issued the Subpoena at issue to Iron ReHealth pursuant to the authority provided by ERISA section 504(c), 29 U.S.C. § 1134(c). A true and correct copy of the Subpoena is attached as Exhibit 4 to Investigator Cordoba's Declaration.

---

[1] The Secretary incorporates by reference the Cordoba Declaration, attached as Exhibit A. The Cordoba Declaration is Exhibit A to the Petitioner's Memorandum of Law in Support of Petition to Enforce Administrative Subpoena.

8.      On September 17, 2021, the Subpoena was served via email to Iron ReHealth's Chief Operations Officer Justin Law, who had been in communication with Investigator Cordoba before that date as part of the investigation.  Cordoba Decl. ¶¶ 6, 7.

9.      Iron ReHealth has, over several months, produced to the Department some, but not all, of the documents requested in the Subpoena.  Cordoba Decl. ¶ 19.  The Department made numerous attempts to secure Iron ReHealth's full compliance with the Subpoena, as detailed in the accompanying Petitioner's Memorandum of Law in Support of Petition to Enforce Administrative Subpoena ("Memorandum of Law," incorporated herein by reference.

10.     Although counsel for Iron ReHealth has never refused to provide documents requested by the Subpoena that are within Iron ReHealth's custody or control, as detailed in the Memorandum of Law, Iron ReHealth's continuing delays in producing documents requested by the Subpoena have significantly delayed EBSA's investigation, Cordoba Decl. ¶ 23.

11.     By email dated August 31, 2022, counsel for Iron ReHealth stated, among other things, that the company has been working to address the outstanding documents.  Declaration of Elaine Abdoveis ("Abdoveis Decl.")[2] ¶ 14.  However, as the attached Memorandum of Law demonstrates, Respondent has reportedly been trying to address the documents requests in the Subpoena for nearly a year without full compliance with the Subpoena.  As of the date of this Petition, Iron ReHealth has not fully complied with the Subpoena, as requested documents remain outstanding.

12.     Iron ReHealth's full compliance with the Subpoena is necessary so that EBSA can move forward in its investigation.  Cordoba Decl. ¶¶ 22-23.

---

[2] The Secretary incorporates by reference the Abdoveis Declaration, attached as Exhibit B.  The Abdoveis Declaration is Exhibit B to the Petitioner's Memorandum of Law in Support of Petition to Enforce Administrative Subpoena.

13. The issuance and service of the Subpoena at issue are authorized by section 504 of ERISA, which states in pertinent part:

> INVESTIGATIVE AUTHORITY
>
> (a) Investigation and submission of reports, books, etc.
>
> The Secretary shall have the power, in order to determine whether any person has violated or is about to violate any provision of this title or any regulation or order thereunder—
>
> > (1) to make an investigation, and in connection therewith to require the submission of reports, books, and records . . . .
> >
> > ****
>
> (c) Other provisions applicable relating to attendance of witnesses and production of books, records, etc.
>
> For the purposes of any investigation provided for in this subchapter, the provisions of sections 49 and 50 of Title 15 [the Federal Trade Commission Act, 15 U.S.C. §§ 49, 50][3] (relating to the attendance of witnesses, and the production of books, records and documents) are hereby made applicable (without regard to any limitation in such sections respecting persons, partnerships, banks, or common carriers) to the jurisdiction, powers, and duties of the Secretary or any officers designated by him.
>
> ****

29 U.S.C. § 1134(a)(1), (c).

---

[3] The Federal Trade Commission, and by incorporation EBSA, is authorized to examine and copy documentation, and has:

> power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation . . .
>
> Such attendance of witnesses, and the production of such documentary evidence, may be required from any place in the United States, at any designated place of hearing. And in case of disobedience to a subpoena the Commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

15 U.S.C. § 49.

WHEREFORE, for all the reasons set forth herein and in the accompanying Memorandum of Law, the Secretary of Labor respectfully requests that this Court issue an Order:

a. Requiring by a date certain, Respondent to produce all documents, that it has not already produced to the Department, requested by the following Document Requests in the Subpoena where such documents are within Respondent's custody or control:

    1. Document Request L, pertaining to Rebate Information;

    2. Document Request O, pertaining to Financial Information; and

    3. Document Requests C and D, pertaining to Service Agreement Information;

b. For any such document that does not exist or is not within Respondent's custody or control, requiring Respondent to state as much by the date certain, and, for any document responsive to this subpoena that is no longer within Respondent's custody or control, requiring Respondent by the date certain to indicate what disposition was made of the document, the date or dates on which such disposition was made, and the reason for such disposition, in accordance with Instruction A of the Subpoena; and

c. Granting Petitioner such other relief as may be necessary and appropriate.

Respectfully Submitted:

SEEMA NANDA
Solicitor of Labor

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street, Suite 230

TREMELLE HOWARD
Regional Solicitor

SCHEAN G. BELTON
Associate Regional Solicitor

Nashville, Tennessee 37219
Telephone: 615.781.5330
Fax No.: 615.781.5321
*abdoveis.elaine.m@dol.gov*
*tag.jennifer.m@dol.gov*
*nash.fedcourt@dol.gov*

LYDIA J. CHASTAIN
Acting ERISA Counsel

<u>/s/ Elaine M. Abdoveis</u>
ELAINE M. ABDOVEIS
JENNIFER M. TAG
Trial Attorneys

U. S. Department of Labor
Attorneys for the Plaintiff